IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN P. SAUNDERS | * | |
| Petitioner | * | |
| v | * | Civil Action No.  WDQ-09-3089 |
| | * | |
| WARDEN | * | |
| Respondent | * | |
| | *** | |

MEMORANDUM

The above-captioned case was initiated upon receipt of a letter from Petitioner concerning a delay in parole revocation proceedings and conditions at Maryland Reception Diagnostic and Classification Center (MRDCC).  Paper No. 1.  The correspondence was construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241.

Plaintiff's claims regarding a delay in parole revocation proceedings involve questions of State law which are subject to the exhaustion requirement of 28 U.S.C. § 2254(b).  Each claim must be exhausted by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000).  To the extent the Petition concerns parole revocation, it must be dismissed without prejudice for failure to exhaust remedies available to her through the State courts.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987);  *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Plaintiff's claims regarding access to a law library and legal materials may be raised in a complaint filed pursuant to 42 U.S.C. §1983. Plaintiff will be provided forms for use in filing such a claim. To the extent the claims are raised here, they will be dismissed without prejudice.

A separate Order follows.

December 8, 2009                                        /s/
Date                                                      William D. Quarles, Jr.
                                                             United States District Judge